

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. King

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. King" (2006). *2006 Decisions.* Paper 1029.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1029

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-2081

———————

UNITED STATES OF AMERICA

v.

STEVEN J. KING,
Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 04-cr-00177)
District Judge:  Hon. Cynthia M. Rufe

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

BEFORE:  McKEE and STAPLETON, Circuit Judges,
and McCLURE,* District Judge

(Opinion Filed:  May 31, 2006)

———————

* Hon. James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Steven King was convicted after trial of attempting to manufacture methamphetamine and of maintaining a place to manufacture methamphetamine. He was sentenced to 120 months of incarceration and 8 years of supervised release. He here complains of the District Court's (1) denial of his motion to suppress physical evidence seized during the execution of a search warrant; (2) denial of a motion to suppress a statement which he made to police officers; and (3) enhancement of his sentence based on a prior conviction not proven at trial.

I.

Contrary to King's contention, the affidavit submitted in support of an application to search the garage he rented provided ample support for the magistrate's determination of probable cause.

While the appendix submitted by the parties does not include the affidavit that was the focus of much of the briefing, it does reflect, however, that King asked the District Court to make the following findings with respect to the affidavit:

> 7. Analyzed for its content the first paragraph of the affidavit advised the Bail Commissioner that:
>     (1) None of the information contained therein was personally known to the affiant. All information set forth and sworn to simply reflected what Officer Monaghan was told by Sgt.

2

Boudwin.

(2) Sgt. Boudwin had received information from a reliable confidential informant of his (#1) that Defendant King operated a meth lab inside the rear garage of 6627 Greenway Avenue distinguished by a grey steel security door on the outside; that King had males inside the garage cooking the product using a live lab; and King stored U.S.C. inside the house at Greenway Avenue representing proceeds from drug sales.

(3) The "reliability" of C/I#1 was based simply on "previous arrests and convictions of individuals within the confines of Delaware County". No other information attesting to C/I#1's reliability was set forth.

(4) The affiant did not recite **how** or **when** C/I#1 had become privy to the information concerning King operating a meth lab in the garage, men working in the garage cooking product, or the storing of money in the house.

(5) The affiant did not set forth whether the information garnered from C/I#1 reflected past or present activity within the garage and house at 6627 Greenway Avenue. Indeed, Officer Monaghan testified that he did not know when or how long ago C/I#1 had allegedly learned the information imparted to Sgt. Boudwin.

8. The second paragraph of the affidavit again reflected information not personally known to the affiant, but as related to him by Sgt. Boudwin. This paragraph, analyzed for its content, advised the Bail Commissioner that:

(1) Delaware County Detectives had met with C/I#2 between 7/1/03 and 7/2/03.

(2) C/I#2 had been "considered to be reliable in the past". No information whatsoever was provided documenting the alleged reliability of C/I#2.

(3) C/I#2 was briefed by police on attempting to purchase a quantity of meth from inside the rear garage of 6627 Greenway Avenue.

(4) After being searched to insure that C/I#2 had no contraband on his person he was provided "a quantity of U.S.C." to use in making a purchase.

(5) C/I#2 was observed entering upon the driveway of 6627 Greenway Avenue and then going "out of sight of police for approx [*sic*] five minutes".

3

> (6) C/I#2 was next observed exiting the driveway. He was then followed to a secure location where he turned over a plastic bag which field tested positive for the presence of methamphetamine.

App. at 82-84 (emphasis in original).

Even accepting these proposed findings, it is apparent to us that the affidavit provided probable cause to believe that evidence of a crime would be found in the garage. In short, a confidential informant, who had a history of providing reliable information to the police, told the police that King operated a methamphetamine lab inside the garage. This was corroborated the day of the search when a controlled purchase of methamphetamine was made from the garage.

## II.

The District Court declined to suppress statements King made to the police even though they were made in response to police questions asked after his arrest but before *Miranda* warnings were given. The court found, with record support, "that the primary object of [the] questions was to obtain safety information from Defendant before law enforcement personnel entered the potentially dangerous clandestine methamphetamine laboratory [and the] questions asked Defendant were consistent with this goal." App. at 16. The court concluded that King's statements were accordingly not subject to suppression, citing *New York v. Quarles*, 467 U.S. 649 (1984). We agree.

### III.

It is true, as King stresses, that the District Court, in the course of imposing a 10 year mandatory minimum sentence, found that King had a prior conviction for a felony drug offense. He claims that this was reversible error under *Shepard v. United States*, 544 U.S. 13 (2005). It was not. The *Shepard* Court specifically pointed out that its decision did not affect *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which continues to authorize a sentencing judge, in the context of an enhancement, to resolve the simple, "conclusive" fact of a prior conviction. *Shepard*, 544 U.S. at 25. *See United States v. Ordaz*, 398 F.3d 236, 240-41 (3d Cir. 2005) (holding that *Almendarez-Torres* remains good law unless and until the Supreme Court chooses to overturn it).

### IV.

The judgment of the District Court will be affirmed.